## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SAMUEL ALVARADO MAZARIEGOS,<br><br>      Plaintiff,<br><br>            v.<br><br>JOHN M. ALLEN, in his capacity as SCOPS Deputy Associate Director of Adjudications; U.S. Citizenship and Immigration Services;<br><br>JOSEPH B. EDLOW, in his capacity as Director of U.S. Citizenship and Immigration Services, U.S. Citizenship and Immigration Services;<br><br>MARKWAYNE MULLIN, in his capacity as Secretary of U.S. Department of Homeland Security, U.S. Department of Homeland Security;<br><br>      Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT<br><br>Agency Doc. No. A 118 287 845 |

## INTRODUCTION

1. The Plaintiff, SAMUEL ALVARADO MAZARIEGOS ("Plaintiff"), is a noncitizen from Guatemala, who applied for an Application to Extend/Change his nonimmigrant status with U.S. Citizenship & Immigration Services ("USCIS"), from F-2 nonimmigrant visa status as dependent to a spouse of an F-1 academic student to F-1 nonimmigrant visa status as an academic student.

2. Plaintiff applied for change of his nonimmigrant visa status through Form I-539, Application to Extend/Change Nonimmigrant Status, on December 3, 2024.

3. On January 31, 2025, the Potomac Service Center, working on behalf of USCIS,

issued a Request for Evidence ("RFE") on Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status, requesting number documentation including information regarding his lapsed program student date on his Student and Exchange Visitor Information System ("SEVIS"), payment for Form I-901, Fee Remittance for Certain F, J, and M Nonimmigrants, copy of most recent Form I-94, Arrival-Departure Card, copy of most recent Guatemalan passport, and copy of nonimmigrant visa last used to enter the United States. *See* Exh. A.

4. On February 25, 2025, the Plaintiff responded to the RFE with the requested documentation, including a valid, unexpired Guatemalan passport, but on March 11, 2025, Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status, was denied because USCIS indicated that the Guatemalan passport provided in the RFE response was expired. *See* Exh. B.  The Plaintiff alleges that he did provide the non-expired passport.

5. On December 10, 2025, the Plaintiff, through undersigned counsel, submitted a Freedom of Information Act ("FOIA") request to USCIS, requesting a copy of the administrative file for the Plaintiff.  On December 14, 2025, USCIS issued a response, indicating that there was no record for the Plaintiff, despite having issued a denial of the Plaintiff's request for change of status.  *See* Exh. C. Plaintiff submitted an administrative appeal of the FOIA request on December 18, 2025, which is still pending.

6. Plaintiff therefore brings this action as USCIS' denial of the petition runs counter to, and fundamentally disregards, substantial evidence in the record and the

underlying statute governing adjudication of petitions for change of status. The decision is arbitrary and capricious and an abuse of its discretion, and not in accordance with the law.

## JURISDICTION

7. This case arises under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., the regulations implementing the INA, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et. seq

8. This is a civil action brought under 5 U.S.C. §§ 702, 704 of the APA. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02, and injunctive relief under 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States waives sovereign immunity under 5 U.S.C. § 702.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## PARTIES

10. The Plaintiff, SAMUEL ALVARADO MAZARIEGOS, resides in S. Portland, Maine. He was born in Guatemala on September 4, 1986. His alien registration number is A118 287 845.

11. The Defendant, MARKWAYNE MULLIN, is the Secretary of the United States

Department of Homeland Security ("DHS") and is sued in his official capacity only. The Secretary is charged with the administration of the DHS and implementing the Immigration and Nationality Act. 8 C.F.R. § 2.1.

12. The Defendant, JOSEPH B. EDLOW, the Director of USCIS and is sued in his official capacity only. USCIS is the component of the Department of Homeland Security that is responsible for adjudicating Plaintiff's I-539 application.

13. The Defendant, JOHN M. ALLEN, is the SCOPS Deputy Associate Director of Adjudications of USCIS and is sued in his official capacity only. The Potomac Service Center is charged with the administration of the Immigration and Nationality Act and the adjudication for I-539 applications.

14. The Defendant, Department of Homeland Security, is the department within which the USCIS adjudicates Form I-539 applications. DHS operates within this district, with headquarters in Washington, D.C.

15. The Defendant, U.S. Citizenship and Immigration Services, Defendant USCIS is a component of the U.S. Department of Homeland Security, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits and denied the Form I-539 application filed by the Plaintiff.

### STANDARD OF REVIEW

16. Review proceeds on the administrative record under the deferential arbitrary-and-capricious standard. 5 U.S.C. § 706(2)(A). Agency action is arbitrary and capricious if the agency relied on factors Congress did not intend it to consider,

entirely failed to consider an important aspect of the problem, offered an explanation that runs counter to the evidence before it, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

17. The agency must "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* A reviewing court may uphold the decision only on the grounds the agency actually invoked, and may not accept counsel's post hoc rationalizations. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

## **LEGAL FRAMEWORK**

18. Section 1258(a) of the Immigration and Nationality Act authorizes a change "from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status," subject to enumerated exceptions not applicable to an F–2-to-F–1 change. 8 U.S.C. § 1258(a). The implementing regulations appear at 8 C.F.R. Part 248. An F–2 dependent is eligible to change to F–1 classification upon demonstrating (1) lawful admission as a nonimmigrant; (2) continuous maintenance of F–2 status through the date of filing; (3) that the applicant is not within a barred category under 8 C.F.R. § 248.2; and (4) eligibility for F–1 classification under 8 U.S.C. § 1101(a)(15)(F), including enrollment in a qualifying course of study and the requisite nonimmigrant intent. 8 U.S.C. §

1258(a)

19. The denial here rested on the finding of insufficient evidence. The applicable evidentiary standard is preponderance of the evidence; the applicant need only show that the claimed eligibility is "probably true." *Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010). The Plaintiff had specifically provided a current, unexpired copy of his Guatemalan passport, despite USCIS indicating in their denial that it had not been provided.

20. The USCIS decision granted the Plaintiff 30 days to file Form I-290B, Notice of Appeal or Motion, to appeal the denial but no appeal was submitted. The agency's decision remains final.

21. Unless the Court vacates the denial of the Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status, the Plaintiff will remain without legal status in the United States and the ability to lawfully continue his studies.

## EXHAUSTION

22. The March 11, 2025, denial by USCIS of Plaintiff's application constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial. As such, the Plaintiff is not required to exhaust non-mandatory administrative remedies, such as filing Form I-290B, Notice of Appeal or Motion, to proceed with this action. *Darby v. Cisneros*, 509 U.S. 137 (1993).

23. Under 5 U.S.C. §§ 702 and 704, Plaintiff has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate

remedy at law.

## CAUSE OF ACTION

### COUNT 1
### Administrative Procedure Act Violation (5 U.S.C. § 706(2))

24. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

25. Defendants' denial of the Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status, constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

26. The APA requires a reviewing court to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). An agency's decision is arbitrary and capricious where it offers an explanation that runs counter to the evidence before the agency or fails entirely to consider an important aspect of the matter. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

27. The sole ground stated for the denial of Plaintiff's Form I–539 application to change status from F–2 to F–1 was that Plaintiff allegedly failed to establish possession of a valid passport, as required under 8 C.F.R. § 248.1 and the incorporated maintenance-of-status provisions of 8 C.F.R. § 214.1(a).

28. Because a valid passport was contained in the record, USCIS's findings to the contrary runs counter to the evidence before the agency and reflects a failure to consider evidence squarely before it. *State Farm*, 463 U.S. at 43. The denial cannot be sustained on the basis the agency actually gave, and a reviewing court may not

supply a basis the agency did not invoke. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

29. That finding is directly contradicted by the administrative record. Plaintiff did in fact submit a valid, unexpired Guatemalan passport in support of the application.

30. Defendants' denial, by ignoring evidence submitted by the Plaintiff in their adjudication of Plaintiff's application, was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

31. Because the agency "entirely failed to consider" evidence properly before it and failed to supply a reasoned explanation connecting the record to its conclusion, the denial cannot survive arbitrary-and-capricious review. *State Farm*, 463 U.S. at 43. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record. By erroneously determining that Plaintiff did not submit a valid Guatemalan passport, USCIS has unlawfully denied Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status.

32. As a direct and proximate result of the unlawful denial, Plaintiff has suffered legal wrong and is adversely affected and aggrieved within the meaning of 5 U.S.C. § 702. Plaintiff is entitled to an order holding the denial unlawful, setting it aside, and remanding the matter to USCIS for adjudication under the correct legal and evidentiary standards. 5 U.S.C. § 706(2).

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of Plaintiff's Form I-539, Application to Extend/Change Nonimmigrant Status, from F-2 nonimmigrant visa status to F-1 nonimmigrant visa status as unlawful.

2. Vacate the denial and order Defendants to promptly approve the Form I-539, Application to Extend/Change Nonimmigrant Status.

3. Award reasonable costs and attorneys' fees under the Equal Access to Justice Act; and

4. Grant such other relief as this Court may deem just and proper.

Respectfully Submitted,
Samuel Alvarado Mazariegos,
By his attorneys,

*/s/ Matthew D. Morgan*

_____

Matthew D. Morgan, Esq.
McKee Morgan, LLC, P.A.
133 State Street
Augusta, Maine 04330
(207) 620-8294
MMorgan@mckeemorgan.com

*/s/ Stephen A. Roth*

_____

Stephen A. Roth, Esq.
Law Office of Stephen A. Roth
102 Bridge Road, #2G
Salisbury, MA 01952
(978) 255-3157

DATED: August 3, 2026            contact@stephenrothlaw.com